TATE *v.* MITCHELL *et ux.*

[95 South. 673. No. 23164.]

TRIAL. *Error to instruct for exemplary damages, where acts not shown in willful and wanton disregard of others' rights.*

It is reversible error to grant an instruction authorizing the jury to inflict exemplary damages, where there is no evidence to support a finding that the acts complained of were characterized by willfulness, wantonness, or gross carelessness, evincing a disregard of the rights of others.

APPEAL from circuit court of Pearl River county.
HON. C. V. HATHORN, Special Judge.

Suit by W. H. Mitchell and wife against M. D. Tate. From a judgment for plaintiffs, defendant appeals. Reversed and remanded.

*Parker & Shivers,* for appellant.

Appellee's fourth instruction found on page 79, of the record, which is as follows: "The court further instructs the jury that if you believe from the evidence, that a trespass was committed as charged in the declaration by the defendant or by his authority and that such trespass was characterized by wilfulness, or in disregard of the plaintiffs' rights, and that plaintiffs have suffered any actual damage therefrom then you may find exemplary damages; that is, such damages as will compensate plaintiffs for the injury and also to punish the defendant, and to furnish an example to deter others from like practice, not to exceed in all damages, of every kind, the sum of four hundred fifty dollars," is erroneous for the reason that it assumes that if appellant authorized the removal of the fence, without regard to the time or condition under which he authorized said removal, that such authorization was sufficient to make appellant guilty of a trespass when there is no proof, in this record, that he authorized anyone to remove any fence belonging to appellees.

The court in submitting to the jury the question of punitive damages as shown in the instruction above set out committed error seriously affecting appellant in this cause since from no phase of the facts disclosed by the evidence can it be said that the appellant acted wilfully, in this case. He merely sold for the small sum of six dollars, the fence from lands which he owned. By verbal sale it is true. Nobody can dispute that he had the right so to do, and that he could sell said fence verbally or by writing. He testifies and no one disputes that the negroes told him that they were going to move the fence immediately. He thought they had removed it. No one denies that, no wilfullness can be inferred from this fact on the part of appellant; he says that when he signed the deed he had no idea there was any fence on the lot. There was nothing wrong in this, and if some months afterwards, when appellant knew nothing of the happenings, the fence was re-

moved by the negro, without the consent and without the knowledge of appellant, this could not develop into a wilfull trespass on appellant's part. It could not amount to more than an honest mistake on his part in signing a deed, and certainly could not subject him to penal damages on the ground of wilfullness or gross carelessness on his part.

These questions are undisputed. For these reasons we submit that the court committed serious error in granting the instructions above referred to, for which errors the court should reverse and remand this cause for trial anew in the lower court on proper instructions or instructions applicable to the facts developed by the proof.

*W. A. Shipman,* for appellee.

Counsel for appellant again complain at the giving for the appellee of the fourth instruction, as it appears at page 79 of the record. I submit that this instruction is very proper; that it contains a correct exposition of the law as applicable to the evidence. It is very fully hedged in and modified, and particularizes the wrongs declared upon in the appellees' declaration. There can be nothing wrong with this instruction, whatever may be said of any of the others; but they are all correct, every one of them.

Just why any one could complain of an instruction which' tells the jury that: "Whosoever owns the land, owns it to the sky," etc., in the face of the legal maxim to that effect, is, I confess, beyond my power of imagination. I have always thought this was the law, and I am still of that opinion. Again we say the question of the good faith *vel non* of the appellant is not in issue. But I take issue with counsel when they say in their brief that the appellant had acted as he had a right to act. He did not have the right to sell a part of the realty by verbal sale, and then sell the entire estate by a proper deed of conveyance, and then contend that he had a right to do something that the law denounces and will not permit.

Again counsel for the appellant say that all the instructions for the appellees are erroneous on the issue made by the evidence, and that they are in sharp conflict with those given for the defendant. If this be true, and it really appears that the instructions as given for the plaintiff and the defendant are in irreconcilable conflict, then, I say, the instructions for the plaintiff being eminently proper and correct, the defendant received at the hands of the court more than he had any right to expect, and therefore, he is in no condition to complain of an error, if there be such, in his own favor.

The jury, after hearing all of the testimony, found a verdict for the plaintiff, which, all things considered, is a very small sum, and this court will seldom interfere with the finding of a jury. It is therefore with the utmost confidence that counsel for the appellee submits this appeal, without further argument to this honorable court, on the record as made in the trial, and without imposing further labor upon your honors in doing a vain thing by reading a longwinded argument from me.

COOK, J., delivered the opinion of the court.

This suit was instituted in the circuit court of Pearl River county, by appellees, W. H. Mitchell and Mrs. Lettie Mitchell, his wife, against M. D. Tate, appellant, for damages alleged to have resulted from the wrongful removal of a wire fence from certain lots previously sold to appellees by appellant, the declaration being in two counts, one for two hundred fifty dollars for injury and damage to the soil, and the other for two hundred dollars for the value of the fence material removed. There was a judgment for seventy-five dollars against the defendant, and from this judgment this appeal was prosecuted.

It appears from the testimony that on February 26, 1920, for a consideration of five hundred dollars, appellant, by warranty deed, conveyed to appellees lots 7 and 8, Square G of the plat of the town of Picayune, Miss., no reservation

being made in this conveyance; that in May thereafter a wire fence around three sides of these lots was torn down by a negro; that after the wire had been removed from the posts, and while the negro was removing the posts, Lewis Howie, a son of one of the appellees, discovered that the fence was being removed and ordered the negro to stop; that the negro at once left the premises and the roll of wire was left on or near the lots.

Lewis Howie, a witness for appellees, testified that he and his mother interviewed appellant in regard to the removal of the fence and demanded pay for it; that appellant claimed that he had reserved the fence and that it belonged to him, and stated that he had authorized the negro to remove it.

The appellant testified that some time prior to the execution of the deed to appellees he had sold the fence to some negroes for the sum of six dollars; that he did not see the lots after he sold the fence to these negroes; that when he sold the fence it was his understanding that it would be removed immediately; that when he sold the lots he thought the fence had been removed; that he did not authorize any one to remove the fence after the lots were sold, and he particularly denied making the statements attributed to him by the witness Howie.

Appellee offered no direct testimony as to the value of the fence at the time of its removal, but W. H. Mitchell, one of the appellees, testified that he considered the lots damaged to the extent of two hundred and fifty dollars by the removal of the fences. Appellant and his witnesses testified that the fence was old and rotten, and that it could be replaced with new material of like kind for the sum of twenty-five dollars.

Upon this testimony the court granted several instructions which authorized the jury to assess punitive damages. We do not think there is any testimony in this record from which a jury would be warranted in finding that the acts and conduct of the appellant were characterized by willfulness, wantonness, or gross carelessness

131 Miss.—49

evincing a disregard of appellee's rights, and consequently it was reversible error to grant instructions authorizing the infliction of exemplary damages.

Under the testimony in this case, appellee could not recover more than actual damages, and, for the error in these instructions, the judgment of the court below is reversed, and the cause remanded.

*Reversed and remanded.*